**COX, WOOTTON, LERNER GRIFFIN & HANSEN, LLP**
Lynn L. Krieger (SBN 209592)
Matthew Mihaly (SBN 302697)
900 Front Street, Suite 350
San Francisco, CA 94111
Telephone No.: 415-438-4600
Facsimile No.: 415-438-4601
Email: lkrieger@cwlfirm.com
Email: mmihaly@cwlfirm.com

Attorneys for Plaintiff,
Yang Ming (America) Corporation,
as General Agent for Yang Ming
Marine Transport Corporation

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| Yang Ming (America) Corporation, as General Agent for Yang Ming Marine Transport Corporation, <br><br> Plaintiffs, <br><br> vs. <br><br> Freight Express Shipping Corporation Co., Ltd., a California corporation; Does 1 through 10, inclusive <br><br> Defendants. | CASE NO. <br><br> **COMPLAINT** <br><br> Demand in excess of: $212,537.25 |
|---|---|

## JURISDICTION

1.  This is a suit for breach of contract and unpaid demurrage, storage, and additional costs and fees pursuant to ocean Bills of Lading and other written agreements, and comprises an admiralty and maritime claim pursuant to 28 U.S.C. § 1333(1) and Rule 9(h) of the Federal Rules of Civil Procedure, and the Shipping Act of 1984, as amended, 46 U.S.C. §§ 40101 et seq.

## VENUE

2. Venue is proper in this Court as the contract that is the subject of this lawsuit was entered into in San Bernardino County and, on information and belief, the Defendant FREIGHT EXPRESS SHIPPING CORPORATION CO. ("FESCO") is headquartered and has its principal place of business in Chino Hills.

## THE PARTIES

3. Plaintiff YANG MING (AMERICA) CORPORATION, as General Agent for Yang Ming Marine Transport Corporation ("YANG MING") is, and at all times relevant hereto was, a foreign corporation, doing business as the general agent for the international ocean carrier, Yang Ming Marine Transport Corporation.

4. Plaintiff YANG MING is a New York corporation with its principal place of business in 1085 Raymond Boulevard, 9th Floor, Newark, New Jersey. YANG MING performs various services including billing and collection of demurrage and other charges that are subject matter of this action.

5. Plaintiff is informed and believes, and on that basis alleges that Defendant FESCO is, and at all times relevant hereto was, a California corporation with its principal place of business in Chino Hills, California. Defendant FESCO is registered as a non-vessel operating common carrier ("NVOCC") and an ocean freight forwarder with the Federal Maritime Commission, within the definitions provided in 46 USC 515 (2)(h) and (k) and acted in such capacity with respect to the transportations that are the subject of this lawsuit.

6. Plaintiff has no knowledge of the true names and capacities of defendants sued herein as Does 1 through 10, inclusive, except that Plaintiff is informed and believes, and on that basis alleges, that the loss and damages sustained by Plaintiff was proximately caused by the Defendants' breach of contract. Plaintiff therefore sues these defendants by such fictitious names and will amend this Complaint to allege their true names and capacities when ascertained.

7. Plaintiff is informed and believes, and on that basis alleges that each of the Doe defendants was, at all times herein mentioned, the agent, principal, servant, employees or contractor for the other defendants.

## GENERAL ALLEGATIONS

8. Plaintiff refers to paragraphs 1 through 7 of this Complaint and incorporates them herein as though fully set forth.

9. Between March 17, 2019 and March 25, 2019 FESCO entered into written contracts with Plaintiff for carriage of 105 bales of polyethylene film for carriage from Long Beach and Los Angeles, California, to Laem Chabang, Thailand pursuant to booking numbers YLX340925 and YLX339763 respectively. These contracts of carriage are evidenced by Bills of Lading YMLUW135419782 (associated with booking number YLX340925, Long Beach to Laem Chabang) and YMLUW135419276 (associated with booking number YLX339763, Los Angeles to Laem Chabang). True and correct copies of the relevant Bills of Lading are attached hereto as **Exhibit A**.

10. Defendants and parties on Bill of Lading YMLUW135419782 were notified of the arrival of containers MAGU5658560, BEAU4503525 and CAIU7702119 on board the M/V Express Berlin V. 008W, however the containers were not retrieved within the time allowed without charge. The contents were consequently sold and the containers delivered on May 5, 2020.

11. Defendants and parties on Bill of Lading YMLUW135419276 were notified of the arrival of containers YMLU8945429, TEMU7061702 and YMLU8992288 on board the M/V NYK Adonis V. 045W, however the containers were not retrieved within the time allowed without charge. The contents of these containers were consequently sold on August 24, 2020.

12. The terms and conditions of YANG MING's standard Bill of Lading pertaining to these cargoes are attached hereto as **Exhibit B** and state in relevant part as follows:

- In accepting this Bill, the Merchant agrees to be bound by all the stipulations, exceptions, terms and conditions on the face and back hereof, whether written, typed, stamped or printed, as if signed by the Merchant, any local custom or privilege to be contrary notwithstanding, and agrees that all agreements or freight engagements for the shipment of the goods are superseded by this Bill.

- 1. DEFINITION

  \* \* \* \* \*

  (11) "Merchant" includes the shipper, Holder, consignee or receiver of the Goods or any Person owning or entitled to the possession of the Goods or this Bill and anyone acting on behalf of any such Person.

- 18. NOTIFICATION AND DELIVERY

  \* \* \* \* \*

  (2) The Merchant shall take delivery of the Goods within the time provided for in the Carrier's applicable Tariff.

  (3) If the Merchant fails to take delivery of the Goods, or any part thereof, in accordance with this Bill, the Carrier may without notice remove the Goods, or that part thereof, and/or store the Goods, or that part thereof, ashore, afloat, in the open or undercover. Such storage shall constitute due delivery hereunder, and thereupon all liability whatsoever of the Carrier in respect of the Goods, or that part thereof, shall cease.

  (4) The Merchant's attention is drawn to the stipulations concerning free storage time and demurrage contained in the Carrier's applicable Tariff, which is incorporated in this Bill.

- 19. FREIGHT AND CHARGES

  (4) The Merchant and Goods shall be jointly and severally liable to Carrier for the payment of all Freight, demurrage, General Average, salvage and other charges, including but not limited to court costs, expenses and reasonable attorney's fees incurred in collecting sums due Carrier. Payment of ocean Freight and charges to a freight forwarder, broker or anyone other than the Carrier, or its authorized agent, shall not be deemed payment to the Carrier and shall be made at payer's sole risk.

/ / /

/ / /

# FIRST CAUSE OF ACTION

## (Breach of a Maritime Contract Against All Defendants)

13. Plaintiff refers to paragraphs 1 through 12 of this Complaint and incorporates them herein as though fully set forth.

14. Plaintiff has fully performed its tariff and contractual obligations, except those that were discharged or excused by the conduct of the Defendants.

15. Pursuant to the contracts of carriage the Defendants are defined as "Merchants" under the relevant Bills of Lading and were required to retrieve containers and pay demurrage, storage, and other related charges incurred due to retention of the ocean containers beyond the specified free times, in addition to any attorneys' fees, expenses, and costs.

16. Free time for containers MAGU5658560, BEAU4503525, CAIU7702119 expired on May 3, 2019 and accrued until May 5, 2020 when the goods were sold.

17. Free time for containers YMLU8945429, TEMU7061702, YMLU8992288 expired on May 3, 2019 and accrued until August 24, 2020, when the goods were sold.

18. Demurrage during those periods of time accrued at the tariff rate of $29.06 per day (pursuant to rules tariff FMC 000138-042 RULE 101) and, along with storage and other costs, total $212,537.25.

| Bill of Lading No. | Container Nos. | Total Amount of Demurrage and Costs: |
|---|---|---|
| YMLUW135419782 | MAGU5658560, BEAU4503525, CAIU7702119 | $99,338.58 |
| YMLUW135419276 | YMLU8945429, TEMU7061702, YMLU8992288 | $113,198.67 |
| | | $212,537.25 |

19. Plaintiff has demanded that the Defendants pay the total sum of $212,537.25 pursuant to the Bill of Lading terms, but the Defendants have failed

and refused and continue to fail and refuse to pay said sum, and the whole thereof is now due, owning and payable together with interest, fees and costs.

20. The Defendants, and each of them, materially and substantially breached the agreements by failing to pay the demurrage, storage and other costs when demands were made.

21. As a direct and proximate result of the material breach of contracts by the Defendants, the Plaintiff has sustained damages in the sum of at least $212,537.25, no part of which has been paid by the Defendants despite demands therefore.

22. Pursuant to Clause 19. "FREIGHT AND CHARGES" of the YANG MING Bill of Lading, the Plaintiff is entitled to recover reasonable attorneys' fees and the cost of suit incurred in this case.

## SECOND CAUSE OF ACTION
## (Open Book Account Against All Defendants)

23. Plaintiffs incorporate by reference paragraphs 1 through 22.

24. Within the last four (4) years, prior to the commencement of this action, defendants became indebted to YANG MING on an open book account for a principal balance due in the total amount of $212,537.25.

25. Despite due demands, the sum of $212,537.25 plus fees and costs is now due, owing and unpaid on the open book account.

## THIRD CAUSE OF ACTION
## (Goods and Services Rendered Against All Defendants)

26. Plaintiff incorporates by reference paragraphs 1 through 25.

27. Plaintiff performed the services and delivered the goods as request by Defendants.

28. Defendants, all of whom are liable under the Bill of Lading, failed to pay for use of Plaintiff's equipment and services.

29. The reasonable value of the services, including the use of the container equipment, totals in excess of $212,537.25.

30. Despite due demands, the sum of $488,420 is now due, owing and unpaid for said goods and services.

WHEREFORE, Plaintiff YANG MING prays for judgment against defendants, jointly and severally, as follows:

1. For damages in the principal amount of $212,537.25;
2. For pre-judgment interest at the rate of 10 percent according to proof;
3. For reasonable attorneys' fees;
4. For costs of suit incurred herein;

DATED: June 27, 2022      COX WOOTTON LERNER GRIFFIN & HANSEN LLP

By: _____
Lynn L. Krieger
Attorneys for Plaintiff,
Yang Ming (America) Corporation, as General Agent for Yang Ming Marine Transport Corporation